MR. JUSTICE KELLEY
delivered the opinion of the Court.
The People appeal the trial court’s ruling that a prior statement of William Earl Davis, Jr., a co-defendant who refused to testify at defendant’s trial, was inadmissible. We affirm.
On August 29, 1975, five men picked up two hitchhikers in Colorado Springs. The hitchhikers were then taken to a secluded area in Colorado Springs where they were beaten and robbed. The victims subsequently identified Davis as the driver of the automobile. Davis was later arrested and interviewed by the Colorado Springs Police Department. At Davis’ trial, the People offered to introduce into evidence a statement made to police by Davis. The trial judge ruled that part of the statement was admissible, and part was involuntary, and consequently inadmissible. Davis was later convicted and sentenced to the Colorado State Reformatory.
At the trial of the codefendant here, the prosecution called Davis as a witness. After Davis invoked his fifth amendment privilege and refused to testify, the People requested immunity for him. The trial court granted it. Upon the motion of defense counsel, the trial court then ruled that the People could only examine Davis with respect to what he actually saw and heard. The court further ruled that the portion of Davis’ statement which had been held admissible at the prior trial was not admissible under section 16-10-201, C.R.S. 1973.[1]
On direct examination, Davis, under penalty of contempt of court, refused to answer any questions about the robbery of August 29, 1975. It was at this point that the People offered the statement in question.
The single issue presented by the appeal is whether the trial court erred in ruling Davis’ prior statement inadmissible. We uphold the trial court.
*273 The People first argue that under the provisions of section 16-10-201, C.R.S. 1973,[2] Davis’ prior statement should have been admitted into evidence. However, section 16-10-201 prefaces admission of such evidence upon a sequence of events. First, the witness must have made a previous statement. Second, the previous statement must be inconsistent with the testimony of the witness at trial.
In the case at bar, the codefendant Davis made no statement at trial, and hence the requirements of the statute were not met. Consequently, the statute is inapposite.
We do not reach the People’s other contentions.
The judgment of the trial court is approved.

 Section 16-10-201, C.R.S. 1973 states:
“(1) Where a witness in a criminal trial has made a previous statement inconsistent with his testimony at the trial, the previous inconsistent statement may be shown by any otherwise competent evidence and is admissible not only for the purpose of impeaching the testimony of the witness, but also for the purpose of establishing a fact to which his testimony and the inconsistent statement relates, if:
(a) The witness, while testifying, was given an opportunity to explain or deny the statement, or the witness is still available to give further testimony in the trial; and
(b) The previous inconsistent statement purports to relate to a matter within the witness’s own knowledge.”

 See note 1 supra.